UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH LONDON AND
LEITH DANOU,

               Plaintiffs,

vs.

                                 Case No. 12-CV-14359

                                 HON. GEORGE CARAM STEEH

FEDERAL HOME LOAN
MORTGAGE CORPORATION,

               Defendant.

_____/

### OPINION AND ORDER GRANTING DEFENDANT'S
### MOTION FOR SUMMARY JUDGMENT PURSUANT TO
### FEDERAL RULES OF CIVIL PROCEDURE 12 AND 56 (DOC. # 3)

### INTRODUCTION

Plaintiffs Judith London and Leith Danou filed suit against the Federal Home

Loan Mortgage Corporation ("Freddie Mac"), purchaser of the deed to their home at a

Sheriff's foreclosure sale, asserting various claims relating to the mortgage and

foreclosure process. The matter is before the court on defendant's motion to dismiss

and/or for summary judgment. The court finds that oral argument would not aid in the

decisional process; therefore, it is hereby ORDERED pursuant to E.D. Mich. LR

7.1(e)(2) that the motion will be decided on the briefs. For the reasons given below, the

motion is granted.

### BACKGROUND

On December 21, 2001, plaintiff Judith London ("London") executed a mortgage

and associated promissory note in the amount of $258,400 in favor of Wells Fargo

Home Mortgage ("Wells Fargo").  The mortgage encumbered property located at 7361 Gateway Dr., West Bloomfield, MI 48322 and was recorded on February 15, 2002.

London defaulted on the note, and foreclosure commenced.  Defendant purchased the property at a sheriff's sale on March 13, 2012.  No redemption was made within the statutory period, which expired September 13, 2012.  However, this action was filed in the Oakland County Circuit Court on September 11, 2012 and removed to this court thereafter.  Defendant's motion to dismiss or for summary judgment is now before the court for disposition.

<u>STANDARD</u>

Defendant cites both Fed. R. Civ. P. 12 as well as Fed. R. Civ. P. 56 in its motion, which it captions as a motion for summary judgment.  To the extent the court relies on matters external to the pleadings not properly considered on a motion to dismiss, if any, the motion will be considered one for summary judgment.

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are

true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 550 U.S. at 555).

The district court generally reviews only the allegations set forth in the complaint in determining on whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." Amini v. Oberlin College, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

DISCUSSION

Both plaintiffs' complaint and their response to the motion now before the court are largely from pleadings filed by counsel for plaintiffs, who has filed scores of similar actions in this district and who is currently subject to sanctions in another court in this district for failing to attend hearings and otherwise respond to the court.  The generic pleadings routinely filed by this attorney in these mortgage cases are not tailored to the plaintiffs' specific situations, and the undersigned finds that even the most lenient pleading standards required to meet Fed. R. Civ. P. 8 have arguably not been met in the case at bar.  A brief examination of the claims follows.

Plaintiffs enumerate five counts in their complaint: "Quiet Title" (Count I); Assignment of the Mortgage without the Note (Count II); Unjust Enrichment (Count III); Breach of Implied Agreement/Specific Performance (Count IV); and Breach of MCL 3205(c).  Defendant has moved for dismissal and/or summary judgment as to all of plaintiffs' claims.

Michigan courts have held that once a redemption period has expired, a plaintiff lacks standing under Michigan law to challenge a foreclosure sale.  See Page v. Everhome Mortgage Co., 2012 WL 3640304 at *2 (Mich. Ct. App. Aug. 23, 2012); Overton v. Mortgage Electronic Registration System, Inc., 2009 WL 1507342 (Mich. Ct. App. May 28, 2009).  Federal courts in this district have considered and rejected the disposition of such claims on the basis of "standing," stating, for instance, that "Overton is best viewed as a merits decision, not a standing case."  Langley v. Chase Home Fin. LLC, 2011 WL 1130926 at *2 (W.D. Mich., Mar. 28, 2011) (Jonker, J.).  It is settled, however, that following the redemption period, a plaintiff may not challenge the

foreclosure sale absent a "clear showing of fraud, or irregularity." <u>Awad v. Gen. Motors</u> <u>Acceptance Corp.</u>, 2012 WL 1415166 at *1 (Mich. Ct. App. April 24, 2012).

A close examination of the brief and generic complaint filed in this case shows it to be very similar to, if not identical to, a number of complaints dismissed to date in the district. Plaintiffs first assert only 10 one line "paragraphs" describing their particular situation. In that background section, plaintiffs state their names and address (that of the subject property), assert they claim a "fee simple absolute" interest in the property by way of warranty deed, and state they are living in the subject property. Plaintiffs then state that they "attempted to get a loan modification and/or negotiate in good faith a settlement for the subject property," that a Sheriff's Sale was held in "2012" (no specific date is given). They then state that the redemption period has expired, that they were not able to "continue with the Settlement process," and assert that the court must order that defendant "continue the processing of the Loan Modification." Complaint, ¶¶ 1-10.

Count I follows this generic pleading with allegations no more specific than those that preceded it. Here plaintiffs allege that "the action of the Defendants was intentionally designed to preclude the Plaintiff from entering into a Loan Modification or a negotiated Settlement," that "Plaintiff's (sic-this should be Defendant) made false and misleading representations of material facts in connection with the loan modification process and status," that "Defendants (sic–this should be Plaintiffs) relied on their material representations, that the loan modification would prevent foreclosure on said property...." Complaint, ¶¶ 12-14.

While Count II, as is true for the remaining counts, incorporates the previous paragraphs, Count II (entitled "Assignment of the Mortgage without the Note") does not

appear to rely on any of the alleged generic fraudulent behavior in its allegations. However, each of the remaining claims–i.e. unjust enrichment, breach of implied agreement/specific performance, and breach of MCL 3205( c), is based on the alleged misrepresentations of defendant claimed by plaintiff.  It is these alleged misrepresentations that plaintiffs assert caused them to lose their home to foreclosure. Plaintiffs assert that the misrepresentations did not conform to Michigan law (Count V); unjustly enriched defendant (Count III); breached a contract with plaintiffs (Count IV); and entitles them to quiet title.

A pleading of fraud or misrepresentation is subject to a heightened pleading standard under Fed. R. Civ. P. 9(b).  The circumstances around the fraud must be described with particularity.  See Jackson v. Segwick Claims Management Services, Inc., 699 F.3d 466 (6th Cir. 2012).  "This includes alleging the 'time, place and content' of the fraudulent acts, the existence of a fraudulent scheme, the intent of the participants in the scheme, and 'the injury resulting from the fraud.'" Id. (quoting Heinrich v. Waiting Angels Adoption Servs., Inc., 668 F.3d 393, 403 (6th Cir. 2012).

As noted above, the court questions whether plaintiffs' form pleading even meets the requirements of Fed. R. Civ. P. 8.  It is certain that the allegations come nowhere close to meeting the standard of Fed. R. Civ. P. 9(b).  Moreover, given that plaintiffs have provided only the most conclusory allegations of fraud or irregularity in the foreclosure process, their ability to challenge that process has likewise been foreclosed. See  Awad, 2012 WL 1415166 at *1.

Count II ("Assignment of the Mortgage without the Note"), which the court will address separately, contains plaintiffs' equally vague and confusing allegations that

plaintiffs "requested authenticated copies showing the existence of said promissory note but the defendant has failed to produce them."  Plaintiffs also assert that they did not owe payments to defendant on the basis that they had no contract with defendant requiring payments.  In response, defendant explains that there has been no assignment of either the mortgage or note, because the original lender was Wells Fargo, and Wells Fargo was the foreclosing party.  Defendant also points to Michigan statutory law, which does not require that the note be provided to the borrower as a condition of foreclosure.  See Mich. Comp. Laws Ann. § 600.3204.  Plaintiffs do not contest either of these assertions, which the court agrees entitle defendant to a ruling in its favor on this claim as well.

<u>CONCLUSION</u>

For the foregoing reasons, the defendant's motion is hereby **GRANTED**.  The complaint will be dismissed in its entirety and judgment will enter for defendant.

**IT IS SO ORDERED**.

Dated:  January 31, 2013

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 31, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk